**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY,
962 Wayne Ave., Suite 610
Silver Spring, MD 20910

*Plaintiff*,

v.

U.S. ENVIRONMENTAL PROTECTION AGECNY
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

*Defendant.*

CIVIL ACTION NO. 26-0314

**COMPLAINT**

**PRELIMINARY STATEMENT**

1. Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, to compel the United States Environmental Protection Agency ("EPA") to disclose records that PEER requested pursuant to FOIA that are now over nine months overdue for a determination of whether to comply with the request and the reasons therefore. EPA has neither made a determination nor produced any records responsive to this request.

2. On February 26, 2025, President Donald Trump stated that Administrator Lee Zeldin had told him that many EPA employees "weren't doing their job," "didn't exist," or "were just obstructionists." These statements were widely reported in the media and have been repeated by Administrator Zeldin himself.

3. On March 14, 2025, PEER submitted a FOIA request to find any internal evidence supporting these claims by President Trump and/or Administrator Zeldin, as well as documents and

communications related to the removal of EPA's public facing Staff Locator. For five months, EPA failed to produce any documents related to PEER's FOIA request, and PEER filed an appeal on August 18, 2025, alleging constructive denial of the FOIA request.

4. On September 16, 2025, EPA's Office of General Counsel granted PEER's appeal, determining that "the office failed to timely respond to [PEER's] subsequent clarification of [its] request" and PEER "adequately described the records [it] was seeking such that a search for records can be performed." EPA's Office of General Counsel remanded the request to the Office of the Executive Secretariat (OEX) for further processing.

5. To date, PEER has not received a final determination nor any records related to this request.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

7. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

8. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

9. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

10. Plaintiff PEER is a non-profit public interest organization incorporated in Washington, D.C., and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, and Massachusetts.

11. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including public lands and natural resource management, the regulation and remediation of toxic substances, public funding of environmental and natural resource agencies, and government accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEEReview* newsletter.

12. Defendant EPA is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

13. EPA is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. The failure of EPA to provide PEER with the records requested and its failure to make a final determination on PEER's FOIA request within 20 working days are violations of FOIA.

**STATEMENT OF FACTS**

14. On March 14, 2025, PEER submitted a FOIA request seeking the following:

a. Any documents, including but not limited to, emails, memos, spreadsheets, texts, letters, notes, and Microsoft Teams chats, that show EPA employees who "weren't doing their jobs";

b. Any documents, including but not limited to, emails, memos, spreadsheets, texts, letters, notes, and Microsoft Teams chats, that show EPA employees who "were obstructionists";

c. Any documents, including but not limited to, emails, memos, spreadsheets, texts, letters, notes, and Microsoft Teams chats, that show EPA employees who "weren't there";

d. Any documents, including but not limited to, emails, memos, spreadsheets, texts, letters, notes, and Microsoft Teams chats, that show EPA employees who "didn't exist";

e. Any documents, including but not limited to, emails, memos, spreadsheets, texts, letters, notes, and Microsoft Teams chats, that show EPA employees who have "been working for other companies or other entities...while being paid by the United States government";

f. Any documents, including but not limited to, emails, memos, spreadsheets, texts, letters, notes, and Microsoft Teams chats, that discuss the removal of the public facing EPA Staff Locator, the reasons for its removal, who made the decision to remove it; and

g. Any documents, including but not limited to, emails, memos, spreadsheets, texts, letters, notes, and Microsoft Teams chats, that discuss how the EPA Staff Locator is "redundant" and/or "inefficient."

15. On March 14, 2025, EPA sent an email to PEER acknowledging receipt of the request, assigning the request tracking number 2025-EPA-04546, and granting PEER's fee waiver request.

16. On April 15, 2025, EPA emailed PEER stating that due to "a need to consult with, and collect records from, multiple components of the Agency (unusual circumstances)," the FOIA request was being placed on the "complex" processing track with an estimated completion date of July 25, 2025. EPA did not ask any clarifying questions before placing the request on the complex track.

17. On April 24, 2025, PEER emailed EPA with possible custodians of the records requested, which included Administrator Zeldin and his aides. PEER also requested a schedule for releasing interim production.

18. On July 25, 2025, EPA emailed PEER its decision not to process PEER's FOIA, claiming that the request lacked the required specificity under 40 C.F.R. § 2.102 (b)(1) and 40 C.F.R. § 2.102(b)(3). Specifically, EPA stated:

> Upon review we have determined that this broad description does not meet the requirements of a proper FOIA request. EPA regulations require FOIA requesters to "reasonably describe the records sought." 40 CFR §2.102 (b)(1). "A request should include specific information about the records sought, such as the date, title or name, author, recipient, and subject matter." 40 CFR §2.102(b)(3) (emphasis added). Your request for [information] does not describe, among other things, specific names or recipients.

19. On August 4, 2025, PEER emailed EPA requesting a meeting to discuss its request for clarification and provided availability. EPA did not respond.

20. On August 8, 2025, PEER emailed EPA with clarification on items 6-7 of the FOIA request. PEER also asked EPA to respond if the agency required further clarification, and if no response was received, PEER would assume the clarification was sufficient and the FOIA request would be processed. EPA did not respond.

21. On August 13, 2025, PEER emailed EPA to confirm that the FOIA request was being processed. EPA did not respond.

22. PEER regarded the refusal to process the FOIA request as a constructive denial and submitted an appeal on August 18, 2025. In its appeal, PEER showed that its request contained the requisite specificity under FOIA, in that the request 1) sets out an exact date range; 2) provides the subject matter; 3) provides the search terms; and 4) described the records sought with particularity. PEER also noted that the agency granted its fee waiver request, which requires

the FOIA request to be "sufficient in detail," and agency policy and legal precedent indicate that the requester need only describe the records sufficiently to enable a reasonable search.

23. On September 16, 2025, EPA's Office of General Counsel granted PEER's appeal, determining that "the office failed to timely respond to [PEER's] subsequent clarification of [its] request" and PEER "adequately described the records [it] was seeking such that a search for records can be performed." EPA's Office of General Counsel remanded the request to OEX for further processing. The appeal determination specifically stated that pursuant to 40 C.F.R. § 2.108(e)(2), OEX was "to take the FOIA request off of hold and contact [PEER] within 10 business days of the determination to discuss a timeline of completion for [its] request or to otherwise respond to [its] request."

24. On December 9, 2025, EPA emailed PEER stating that additional time was needed to consult with multiple components of the Agency and/or other agencies, and the estimated completion date was updated to January 30, 2026.

25. On January 27, 2026, EPA emailed PEER stating that additional time was needed to consult with multiple components of the Agency and/or other agencies, and the estimated completion date was updated to March 27, 2026.

26. On January 30, 2026, PEER emailed EPA stating that if EPA did not produce good faith interim production or a final determination by February 3, 2026, then PEER would be prepared to file a FOIA complaint with the D.C. District Court on or about February 4, 2026.

27. To date, PEER has not received a final determination nor any records related to this request.

**CAUSE OF ACTION**

28. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

29. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

30. FOIA requires agencies to determine within twenty working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional ten working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

31. Twenty working days from PEER's request was April 11, 2025. Ten working days from April 11, 2025, was April 25, 2025.

32. In its April 15, 2025, email to PEER, EPA claimed that "unusual circumstances" warranted an extension to July 25, 2025. EPA abused the "unusual circumstances" provision set forth in 5 U.S.C. § 552(a)(6)(B)(i) by giving itself an additional three months to complete the request.

33. Regardless of EPA's noncompliance with 5 U.S.C. § 552(a)(6)(B)(i), the agency has yet to make a final determination, over nine months after the statutorily mandated date and two months after its self-imposed deadline, as its refusal to process the FOIA request on July 25, 2025, was unwarranted. Moreover, following the appeal determination, EPA has failed to contact PEER within the ten working days set forth in the appeal determination.

34. As of the date of this filing, PEER has not received a final determination on its FOIA request and EPA has not made the records "promptly available." EPA's responses to the FOIA request described above is now over nine months overdue for a determination and "prompt" release of the records.

35. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for the FOIA request described in this complaint, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

36. Defendant's conduct amounts to a denial of PEER's FOIA request. EPA is frustrating PEER's efforts to adequately understand EPA's policies concerning employees speaking to, or having contact with, journalists or media outlets.

37. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the EPA to immediately make a determination and produce the records sought in PEER's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

38. Defendant's failure to make a determination on or disclose the documents requested in Plaintiff's FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

iv. Award Plaintiff attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on February 4, 2026,

__/s/ *Colleen Zimmerman*_________
Colleen Zimmerman, DC Bar # 90003410
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 464-2293
czimmerman@peer.org

*Attorney for Plaintiff*